RECEIVED
APR 19 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ROGER HENRY | : | DOCKET NO. 3:13-405 |
| VS. | : | JUDGE TRIMBLE |
| ENERGY TRANSFER PARTNERS, L.P., TRUNKLINE GAS COMPANY, L.L.C, AND HARTFORD LIFE INSURANCE COMPANY | : | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING AND ORDER

Before the court is "Defendant's Motion to Strike Jury Demand in ERISA Proceeding" ( R. #5) wherein Hartford Life and Accident Insurance Company ("Hartford") moves to strike the jury demand of the plaintiff. In his petition, plaintiff, Roger Henry, seeks payment from defendants for life insurance benefits as a result of his wife's death. The instant lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"); the exclusive remedies for claims for benefits under the group life plan are provided and governed by 29 U.S.C. § 1132. The jurisprudence has held that under ERISA, jury trials are prohibited.[1] Because "'cases involving ERISA benefits are inherently equitable in nature, not contractual, ... no right to jury trial attaches to such claims.'"[2]

---

[1] 29 U.S.C. § 1132; Borst v. Chevron Corp., 36 F.3d 1308 (5th Cir. 1994); Salameh v. Provident Life and Accident Ins. Co., 23 F.Supp.2d 704 (E.D. La.1998); Calamia v. Spivey, 632 F.2d 1235 (5th Cir. 1980).

[2] Tischmann v. ITT/Sheraton Corp., 145 F.3d 561, 568 (2d Cir. 1998) (quoting DeFelice v. American Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 64 (2d Cir. 1997)); Kirk v. Provident Life & Accident Ins. Co., 942 F.2d 504, 506 (8th Cir. 1991); Blake v. Unionmutual Stock Life Ins. Co., 906 F.2d 1525, 1526 (11th Cir. 1990); Borst v. Chevron Corp., 36 F.3d 1308 (5th Cir.

The court finds that because this is an ERISA claim, plaintiff is not entitled to a jury trial. Accordingly, it is

**ORDERED** that defendant's motion to strike jury demand is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's request for jury trial is hereby **STRICKEN** from the record and the Clerk of Court shall designate the instant matter as a bench trial.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of April, 2013.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

1994).